[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PENDENTE LITE MOTIONS FOR CUSTODY, SUPPORT, ALIMONY AND ATTORNEYS' FEES (DOCKET ENTRY NO. 104)
Plaintiff and defendant have filed several pendente lite motions. The motion for exclusive possession of the marital home (docket entry no. 102) has been heard before the Honorable Romeo Petroni and is awaiting decision. In addition to motion no. 101, plaintiff has filed a separate motion for attorney's fees (docket CT Page 9950 entry no. 105), a separate motion for alimony (docket entry no. 107), a separate motion for temporary joint legal and physical custody and for support of the minor children (docket entry no. 108), a second motion for exclusive possession of the marital home (docket entry no. 110), a motion to limit visitation dated the same date as the motion for temporary joint legal and physical custody (docket entry no. 111). The defendant has filed a motion for specific rights of visitation (docket entry no. 106), a motion for visitation (docket entry no. 112), a motion to reside at the marital home (docket entry no. 113) and an objection to plaintiff's pendente lite motions (docket entry no. 114).
The parties were married on June 6, 1987. There are two children issue of the marriage: Nicholas, age 7, and Nathan, age 5. Nathan will enter kindergarten in the fail and Nicholas will be entering second grade. The parties reside in Wilton in the marital home.
Nicholas is a child with special needs. He has autistic tendencies and receives therapy on a regular basis. The plaintiff receives $300.00 per week from the defendant's sister, which sum is used for Nicholas' therapy. Nicholas is mainstreamed in school, although he has a special aide assigned to him in the morning and spends half of each school day outside the classroom with an adult trained in autism.
The parties are each attorneys at law and members of the Bar of the State of Connecticut. The plaintiff worked in a law office prior to the birth of Nicholas. The defendant worked as an Assistant Temporary Clerk in this courthouse prior to their marriage.
Two years ago the defendant left home to seek his fortune in Los Angeles in the movie and modeling field. While he ran a modeling school and socialized with some of the right people, he has not been successful and last month returned to the marital home. Since the children were born, neither of the parties have had remunerative employment.
The defendant was the beneficiary of several trusts and inherited $600,000, all of which has been spent for living. Additionally, the defendant has sold fine art and that money has paid living expenses. Prior to the marriage, he bought the present marital home, purchasing the home without any financing. The home has since been mortgaged and has a mortgage presently in CT Page 9951 the principal amount of $215,000 leaving a net equity of $175,000. The defendant has outstanding liabilities of $21,000. The plaintiff has outstanding liabilities of $46,954 including $7,000 in medical bills incurred in 1997.
Until July of this year, the plaintiff was receiving $6,000 per month from the defendant's mother. This was paid for a period of eight months. However, this has been terminated and the court assumes this will not continue. There is no question that had this continued the court would be able to take this monthly contribution into account for purposes of the alimony and support awards, but having concluded that this monthly contribution will not continue, the court cannot take it into account. See Schmidtv. Schmidt, 180 Conn. 184 (1980); Unkelbach v. McNeary,244 Conn. 350 (1998). The only income at the present time is an annual distribution from a trust that the defendant enjoys. He has already obtained an advance on his October distribution and handed that to the plaintiff.
It is the plaintiff's claim that the defendant is unfit to have custody or joint custody of the children. The court finds that the children love the defendant, that he loves the children, that such discipling or "horsing around" as has occurred with the children does not amount to physical abuse; that the defendant is not an unfit father; and that there has been no evidence that the parents of these children are unable to work together in the best interests of the children. The court orders that there shall be joint legal and physical custody.
Should Judge Petroni order that the plaintiff have exclusive possession of the marital home, the order for joint legal custody shall continue; the order for joint physical custody shall then be modified to provide that the plaintiff shall have sole physical custody of the children, the defendant to have broad and liberal rights of visitation. The court has considered the provisions of § 46b-56 of the General Statutes and enters the order for joint custody pursuant to the provisions of § 46b-56a.
The remaining parts of the motion, except that requesting counsel fees pendente lite, are made pursuant to the provisions of § 46b-83 of the General Statutes. The court has considered the factors of § 46b-82 except for the grounds for the complaint, and the provisions of § 46b-84 of the General Statutes in arriving at a decision in this case. CT Page 9952
The defendant shall pay as alimony and support the present mortgage payments, all utility costs for the marital residence, home insurance, home maintenance, yard maintenance for the marital home, car insurance for the plaintiff's automobile, health insurance for the children and the plaintiff, all uninsured and unreimbursed medical and dental expenses for the plaintiff and the minor children, and an allowance to the plaintiff of One Hundred Fifty ($150.00) Dollars per week for food for the entire family including the defendant. Each of the parties is to seek remunerative employment: the plaintiff on a part time basis as she has available time while the children are in school and the defendant on a full time basis. Any amounts of income realized by the plaintiff shall be used for her personal expenses and personal expenses for the children.
 MOTION FOR ATTORNEY'S FEES
The plaintiff seeks an order for attorney's fees pendente lite. Plaintiff's attorney has received a $1,500 retainer provided to the plaintiff by the defendant's father. He seeks a further allowance of Ten Thousand ($10,000) Dollars. Defendant's counsel has received a retainer of $4,500 provided to the defendant by his mother. There are no funds presently available to pay counsel fees. The home is presently on the market for sale listed for $384,000. At such time as this property is sold, plaintiff's counsel must receive a part of those proceeds. An award of counsel fees at this time is premature. So much of plaintiff's motion as seeks counsel fees is denied without prejudice to it being renewed when the home has been sold or there are funds available. Payment of plaintiff's counsel fees shall be the defendant's obligation.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE